UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MIKAYLA WEST,

                Plaintiff,

v                                                    Case No. 17-14218
                                                     Honorable Thomas L. Ludington

ROBERT WILKE,

                Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTIONS IN LIMINE (ECF NOS. 36, 38), DENYING DEFENDANT'S MOTIONS IN LIMINE (ECF NOS. 40, 41, 44), GRANTING DEFENDANT'S MOTIONS IN LIMINE (ECF NOS. 42, 43, 45), AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO DESIGNATE EXPERT (ECF NO. 66)**

On December 29, 2017, Plaintiff, Mikayla West, filed a complaint alleging race discrimination and retaliation against her former employer, the VA Hospital in Saginaw, MI. ECF No. 1. On May 6, 2019, Defendant filed a motion for summary judgment. ECF No. 27. The motion was granted in part and denied in part, dismissing Plaintiff's race discrimination claim, but retaining the retaliation claim. ECF No. 33.

On July 30, 2019, Plaintiff filed her first motion in limine to exclude testimony and evidence suggesting Plaintiff resigned from her position and was not terminated. ECF No. 36. Plaintiff's second motion in limine sought to exclude hearsay statements and hearsay within hearsay statements regarding Plaintiff. ECF No. 38. On July 30, 2019, Defendant filed his first motion in limine to exclude evidence related to Plaintiff's dismissed claim of race discrimination (ECF No. 40), his second motion in limine to exclude evidence from co-workers that does not go to the merits of the complaints about Plaintiff's performance (ECF 41), his third motion in limine to exclude evidence of unrelated EEOC Activity (ECF No. 42), his fourth motion to limine to exclude evidence of Remarks by Non-Decisionmakers (ECF No. 43), his fifth motion in limine to

exclude hearsay evidence or testimony by Plaintiff or witness Crystal Alexander (ECF No. 44), and his sixth motion in limine to bar any reference to alleged spoliation (ECF No. 45). On August 22, 2019, Plaintiff filed a motion for leave to designate a witness as a non-retained expert. ECF No. 66. For the following reasons, Plaintiff's motion to exclude resignation evidence will be denied and her motion to exclude hearsay will be denied. Defendant's motion to exclude racial discrimination evidence will be denied, his motion to exclude testimony unrelated to Plaintiff's behavior will be denied, his motion to exclude other EEOC race complaints will be granted, his motion to exclude non-decisionmakers makers testimony will be granted, his motion in limine to exclude hearsay by Plaintiff or Alexander will be denied, and his motion in limine to bar reference to alleged spoliation will be granted. Plaintiff's motion for leave to designate a witness as an expert will also be denied.

## I.

In her first motion in limine, Plaintiff seeks to exclude any evidence that Plaintiff resigned or intended to resign from her position. ECF No. 36. Plaintiff states that her termination is not in dispute and that any testimony or documents that support her resignation do not have a tendency to make a fact of consequence more or less probable and would confuse the jury. Defendant argues Plaintiff has a handwritten note explaining her intent to resign from her job. Additionally, in her deposition, Plaintiff testified she submitted her resignation before she learned she was terminated. Defendant stipulates that Plaintiff was terminated but claims Plaintiff's intended resignation is relevant to any damages assessment.

Defendant will be permitted to offer evidence regarding Plaintiff's intent to resign for the purpose of addressing damages. Plaintiff's motion in limine will be denied.

## II.

Plaintiff's second motion in limine seeks to exclude hearsay statements and hearsay within hearsay statements regarding Plaintiff. The specified emails are organized by exhibit number from Defendant's motion for summary judgment:

- 9, October 27, 2016 email from Susan Sobieray to Christina Tokarski (including handwritten notes)
- 10, October 28, 2016 email from Christina Tokariski to Edward Lesko
- 21, December 6, 2016 email from Susan Sobieray to Christina Tokarski
- 22, December 6, 2016 email from Terri Hayes to Christina Tokarski
- 26, December 15, 2016 typed note from Michelle McInnis
- 30, December 22, 2016 email from Terri Hayes to Christina Tokarski
- 31, Undated email to unknown recipient by Cathy Stadler
- 34, January 7, 2017 email from Christina Tokarski to Eric Berghoff
- 36, January 13, 2017 email from Susan Sobieray to Christina Tokarski
- 39, January 24, 2017 email from Christina Tokarski to Jeanne Barbosa and Eric Bergoff

Plaintiff states that Defendant relied on unsworn statements and emails with hearsay statements in its motion for summary judgment including "Plaintiff's coworkers discussing Plaintiff, Plaintiff's performance, and alleged statements made by Plaintiff." ECF No. 38. Plaintiff claims the written emails are inadmissible hearsay because there is no supporting testimony. She also claims the statements attributed to her referenced in the emails are hearsay within hearsay. Plaintiff claims she will be prejudiced if these statements are allowed into evidence.

Defendant believes Plaintiff's requests are premature. Defendant intends to call the authors of the emails as witnesses at trial and thereby allow the witnesses to be cross-examined on the stand. Second, Defendant cites FRE 801(d)(2)(A) and objects to Plaintiff's assertion that Plaintiff's statements memorialized in the emails are hearsay because Plaintiff is an opposing party and the statements are admissions.

Hearsay is an out of court statement by a declarant offered for the truth of the matter. FRE 801. The emails themselves are out of court statements that Defendant appears to intend to offer for the truth of the matter and therefore are hearsay. Without evidence of a relevant hearsay

exception or a non-hearsay purpose, the emails are inadmissible. Defendant may call the email authors as witnesses and inquire about their experiences with Plaintiff. While the majority of the emails are hearsay, the direct quotes attributed to Plaintiff will be admitted under FRE 801(d)(2)(A) ("A statement that meets the following conditions is not hearsay: . . . (2) The statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity").

## III.

Defendant's first motion in limine is to exclude testimony or other evidence related to Plaintiff's dismissed claim of race discrimination. ECF No. 40. Specifically Defendant seeks to exclude the following facts:

- "The fact that Archia Jackson, the nurse manager who hired West, was African American."
- "The fact that West was the only African American nurse in the Specialty Clinic when she was hired."
- "The fact that Crystal Alexander, an RN later hired in the clinic, is African American."
- "The fact that all other nurses who worked in the clinic at the time were white."
- "The fact Tokarski allegedly socialized with other employees outside of work."
- "The fact Tokarski only allegedly socialized with white employees outside of work."
- "The allegation that Tokarski's alleged social activities outside of work with white employees was evidence of unequal treatment of African American nurses."
- "The fact that West and Alexander believe they were treated differently because of their race."
- "The fact that West believed Tokarski did not want her on the clinic because of her race."
- "The fact that West felt unwelcome every time she came to work because of her race."
- "The fact West's preceptors consisted exclusively of white nurses."
- "The fact that African-American employees disagree that race-based favoritism does not exists [sic] in the clinic."
- "The allegation that a white nurse said to West and Alexander, 'it's us versus them' and the allegation that this statement is related to race."
- "The allegation a white nurse, referring to West and Alexander, said '[t]here *they* go again' and that this statement is related to race."
- "The allegation that a white nurse said to Alexander, 'tell *your* friend,' and that this statement is related to race."
- "The allegation that certain white nurses acted differently with West and Alexander because West and Alexander were African American."

- "The fact three African American or African immigrant nurses have participated in protected activity related to race while being supervised by Tokarski."
- "The allegation that white nurses were allowed to leave patients waiting, send patients to West, socialize on work time, refuse to do certain procedures, refuse to cover certain clinics, or were otherwise favored because of their race."
- "The allegation that West told Tokarski that certain employees were racially biased."
- "The allegation that West told Tokarski that certain employees were 'out to get her' due to her race."
- "West's belief that Union Steward Robert Pritchard would not help her because his wife, Melissa Pritchard, was biased against West because of West's race."
- "The allegation that West told Tokarski that certain employees were racially biased."
- "The race of union representative Tabitha Petty."
- "The allegation that Jackson told West that she 'figured' West would be targeted due to West's race."
- "The allegation that Jackson told West that Tokarski did not want to hire West because of West's race."
- "The allegation that Jackson told West that she knew West was being treated unfairly due to her race."
- "The fact that West was replaced by a white male."
- "The fact that a white probationary LPN was removed from orientation earlier than West, allegedly due to her race."
- "The allegation that white nurses 'dump[ed] their work' on West and Alexander due to racial bias."
- "The allegation that Tokarski favored or 'blindly supported' white nurses due to their race."
- "The fact that Tokarski was influenced by the racially discriminatory animus of the white nurses under her." ECF No. 40.

Defendant claims details of West's race discrimination claim are irrelevant because her claim of race discrimination was dismissed. *Id.* Defendant further argues that even if the information were relevant, it is more prejudicial than probative and should be excluded under Federal Rule of Evidence 403. *Id.*

Plaintiff explained in her view "the evidence is relevant in that it goes directly to the credibility and previous incidents of alleged bias by the individuals directly associated with Defendant's purported non-discriminatory reason for termination." ECF No. 55.

It is premature to decide the admissibility of each of the aforementioned facts at this stage of litigation. Defendant's motion in limine will be denied. Objections may be made during trial when the context of the communications is more clear.

## IV.

Defendant's second motion in limine is to exclude evidence from co-workers that does not go to the merits of the complaints about Plaintiff's performance or is otherwise barred. ECF No. 41. Defendant identifies three types of evidence he believes should be excluded in this motion: 1) testimony regarding Plaintiff's general performance, competency, and conflict with her coworkers, 2) testimony by individuals with no personal knowledge of facts stated, and 3) testimony by non-medical personnel regarding LPN supervision. *Id.* Defendant argues that testimony regarding Plaintiff's general performance should be excluded because it is not relevant to show Defendant had no basis in fact to terminate Plaintiff and because it will cause jury confusion. *Id.* Defendant next argues that the testimony of individuals without personal knowledge of the facts should not be admitted because of a lack of personal knowledge. *Id.* Lastly, Defendant argues testimony by non-medical professionals regarding proper supervision of an LPN should be excluded because the amount of supervision an LPN should receive is beyond the scope of a lay witness (FRE 702) and because the evidence will be confusing to the jury (FRE 403). *Id.*

Plaintiff responds saying the evidence regarding Plaintiff's general performance "shows the motive and intent of the individuals who submitted complaints about Plaintiff, further their likely collusion with Tokarski." ECF No. 56. Plaintiff argues the evidence is not unfairly prejudicial to Defendant and "excluding this critical evidence would be highly prejudicial to Plaintiff." *Id.* Second, regarding the lack of personal knowledge claim, Plaintiff says witnesses will testify to what they heard – which is sufficient to meet the personal knowledge requirement. *Id.* Third, Plaintiff states the "testimony [of the non-medical personnel] is without question rationally based on the perceptions of the individual witnesses" and not opinion testimony. *Id.*

The argument that evidence regarding Plaintiff's general performance and her interactions with coworkers is irrelevant and will be confusing to the jury is simply too broad. Defendant's motion will be denied regarding the first issue, but Defendant may object at trial to specific facts or testimony when there is more context to make a decision. The motion regarding the second issue (i.e., the question of personal knowledge from overheard conversations) will also be denied, but Defendant may advance his objection at trial regarding specific facts or testimony. The motion regarding the third issue (i.e., non-medical personnel's opinion of LPN supervision) will be denied. The question of the witnesses' ability to accurately assess the amount of supervision Plaintiff received will depend upon the foundation for the witnesses' testimony. The witnesses' testimony will not be excluded on this basis.

V.

Defendant's third motion in limine seeks to exclude evidence regarding Equal Employment Opportunity Commission complaints filed by other VA employees. ECF No. 42. Defendant specifically seeks to exclude evidence that Crystal Alexander and Mikaliu Sorie filed EEOC complaints after Plaintiff was terminated claiming they are not relevant and would be "unduly prejudicial, confusing, or misleading to the jury." *Id.* Defendant references *Schrack v. RNSL Carrier*'s six factor test for other act evidence, concluding the factors favor exclusion of the evidence. 565 Fed.Appx. 441, 445 (6th Cir. 2014)

Plaintiff agrees the Schrack test is the correct test to determine if the other acts should be admitted, but frames the issue more broadly. Plaintiff states Alexander filed an EEOC complaint alleging retaliation, identifies Tokarski as the bad actor in all three scenarios, claims the complaints were "filed nearly at the same time," states Tokarski was aware of all the complaints, all three

nurses were supervised by Tokarski, and that all three EEOC complaints allege retaliation. Therefore, Plaintiff argues the six Schrack factors are met.

> When seeking to exclude "other acts" evidence, there are six factors to consider: (1) whether the evidence is logically or reasonably tied to the decision made with respect to the plaintiff; (2) whether the same "bad actors" were involved in the "other" conduct and in the challenged conduct; (3) whether the other acts and the challenged conduct were in close temporal and geographic proximity; (4) whether decision makers within the organization knew of the decisions of others; (5) whether the other affected employees and the plaintiff were similarly situated; and (6) the nature of the employees' allegations." *Schrack v. RNL Carriers, Inc.*, 565 Fed.Appx. 441, 445 (6th Cir. 2014) (citing *Griffin v. Finkbeiner*, 689 F.3d 584, 599 (6th Cir. 2012)).

In this case, the two other EEOC complaints occurred after Plaintiff was terminated, so they could not have been "logically or reasonably tied to the decision" regarding Plaintiff. The first factor favors Defendant. The same individuals, specifically Ms. Tokarski and the HR office, were involved with all three EEOC complaints, so the second factor favors Plaintiff. The other acts were in the same hospital, but the complaints occurred after Plaintiff was terminated, so the third factor supports both Plaintiff and Defendant. The fourth factor benefits Defendant because Tokarski and the HR office, the alleged decisionmakers, could not know about the decisions regarding the other EEOC complaints at the time Plaintiff was terminated, because, of course, the complaints had not yet occurred. The fifth factor also favors Defendant – Plaintiff was a probationary employee, but it appears Alexander was a longer-term registered nurse and Sorie was an assistant nurse manager temporarily under Tokarski's supervision. While these three individuals may have interacted in the course of their jobs, they are not similarly situated. Lastly, the nature of the EEOC complaints are not in the record. Plaintiff states Alexander claims she was retaliated against for supporting Plaintiff, but there is no evidence of Alexander's EEOC complaint or of Sorie's complaint before the Court. Plaintiff applies the Schrack test too broadly – the timing of the EEOC complaints occurred after Plaintiff was terminated, the details of the other complaints are unknown, and the

other employees are all still employed at the VA Hospital. Therefore, Defendant's third motion in limine will be granted.

## VI.

Defendant's fourth motion in limine seeks to exclude evidence made by non-decisionmakers. ECF No. 43 Defendant expects Plaintiff to offer testimony by non-decisionmakers in an effort to prove her retaliation claim and seeks its exclusion because it is not relevant and will confuse or mislead the jury. *Id.* The nine remarks Defendant wants to exclude are:

- "An alleged statement by a nurse allegedly hostile to West and allegedly close with Tokarski stating, 'it's us versus them[.]'"
- "An alleged statement by a nurse allegedly hostile to West and close with Tokarski stating '[t]here *they* go again.'"
- "An alleged statement by a nurse allegedly hostile to West and close with Tokarski stating 'tell *your* friend[.]'"
- "Alleged statements by 'a group' of nurses on the specialty clinic talking about alleged out-of-work social outings with Tokarski, their supervisor, at a bar."
- "A statement by Dr. Linda McIntire that it was evident Tokarski was friendly with certain nurses."
- "An alleged statement by Archia Jackson, West's former supervisor, that she 'figured' West would be targeted."
- "An alleged statement by Jackson, West's former supervisor, that Tokarski did not want to hire West."
- "An alleged statement by Jackson, West's former supervisor, that West was being treated unfairly."
- "An alleged statement by union president Robert Pritchard, to West, that 'nurse bullying is the worst and to just try and fit in until another new person comes along and they will start picking with them and leave [West] alone.'" *Id.*

Defendant cites *Nobel v. Brinker International, Inc.* and *Smith v. Leggett Wire Company* in support of the proposition that discriminatory comments made by non-decisionmakers are not relevant to the question of animus by the decisionmaker. 391 F.3d 715 (6th Cir. 2004); 220 F.3d 752 (6th Cir. 2000). In addition, Defendant argues the statements were all made prior to Tokarski learning about Plaintiff's protected activity and therefore are not relevant and are likely to confuse the jury.

Plaintiff claims the fact that some of Tokarski's coworkers forwarded complaints about Plaintiff to Tokarski means the context of these remarks are relevant to the retaliation claim. ECF No. 51. Plaintiff states the facts are relevant to Tokarski's underlying motivation for terminating Plaintiff and relevant to the context of the work environment.

The context of the remarks is important, but the role of the decisionmaker and the role of the speaker must also be considered. In a case where a plaintiff claimed he was terminated due to race instead of a statement he made, the plaintiff

> "attempted to prove that his threat did not actually motivate his discharge by offering proof of racial statements made by his coworkers. However, none of the racial comments were made by the persons who terminated Smith: Riley, Avise or Ford. Statements by nondecisionmakers . . . can not suffice to satisfy the plaintiff's burden . . . of demonstrating animus." *Smith v. Leggett Wire Co.*, 220 F.3d 752, 759 (6th Cir. 2000) (internal quotes and brackets removed).

The Court went on to quote *Ercegovich v. Goodyear Tire & Rubber Co.*, "'[a]n isolated discriminatory remark made by one with no managerial authority over the challenged personnel decisions is not considered indicative of . . . discrimination." 154 F.3d 344, 354 (6th Cir. 1998). This concept was developed more in *Nobel v. Brinker International, Inc.* where the court stated, the Plaintiff "must submit competent evidence that one employee's 'discriminatory motives somehow influence' the decisionmaker." 391 F.3d 715, 723 (6th Cir. 2004) (quoting *Wilson v. Stroh Cos.*, 952 F.2d 942, 946 (6th Cir. 1992)). In this case, the Plaintiff and Defendant seem to contend that the decisionmaker was Tokarski with HR's confirmation, but there is no evidence that this unnamed employee influenced Tokarski's decision to terminate Plaintiff. Since the potentially racially charged statements were not made by Tokarski, nor by someone identified as close to her and involved in her decision-making process, Defendant's motion in limine will be granted.

**VII.**

Defendant's fifth motion in limine seeks to exclude hearsay testimony by Plaintiff and Witness Crystal Alexander. ECF No. 44. Defendant believes that Plaintiff "will attempt to introduce evidence or testimony related to certain conversations that [Plaintiff] and her co-worker Crystal Alexander claim to have heard about other co-workers socializing with Tokarski." *Id*. Defendant claims the statements are hearsay – out of court statements by a declarant offered for the truth of the matter. Plaintiff counters, claiming the statements are not for the truth of the matter, but "to show these specific nurses state of mind, motive and intent." Even if the statements were considered hearsay, Plaintiff says they fall under the statement against interest exception, FRE 804(3).

The potential testimony and statements Defendant seeks to exclude are too broad to decide at this stage in litigation. Defendant's motion for limine will be denied. Defendant may, of course, make his objections during trial.

**VIII.**

Defendant's sixth and final motion in limine seeks to bar any reference to alleged spoliation of evidence by Defendant. ECF No. 45. Early in the case Defendant responded to Plaintiff's discovery request with over 1200 documents, including a copy of Plaintiff's 90-day review, a memo from Cathy Stadler, and an email between Ms. Tokarski and Mr. Berghoof. A year later, Plaintiff requested the attachments to the email and Defendant worked with IT and supplied the files electronically, including the metadata. The parties realized at that juncture that Plaintiff had copies of both attachments from the beginning because they were included in the initial discovery production, just under different file names. On July 30, 2019, Plaintiff filed a motion in limine for

an adverse inference jury instruction regarding the alleged spoliation, but after all facts came to light, Plaintiff withdrew the motion on August 13, 2019. ECF Nos. 37, 48.

The motion for an adverse inference by Plaintiff has already been withdrawn and it is clear Defendant did not withhold any information from Plaintiff. Indeed, Plaintiff waited a year to inquire about the allegedly missing documents, Defendant timely responded and provided her an electronic copy, and in fact, Plaintiff was in possession of the documents from the beginning. Defendant's motion in limine to bar any reference to alleged spoliation of evidence will be granted.

**IX.**

Plaintiff filed a motion for leave to designate witness Minoo Khetarpal, MD, as a non-retained expert. ECF No. 66. This motion is motivated by "Defendant['s] . . . assert[ion] it will still offer evidence regarding Plaintiff's alleged intent to resign for purposes of limiting damages." *Id.* Plaintiff claims she "is forced to defend a trial within a trial on the issue of constructive discharge" and seeks to have Minoo Khetarpal, Plaintiff's doctor, certified as an opinion witness to testify regarding Plaintiff's "emotional state and in support of constructive discharge in relation to damages." *Id.*

In response, Defendant highlights Plaintiff's "pattern of untimely filings," including two late responses to motions in limine, late replies in support of her own motions in limine, and an emergency motion to compel filed after the discovery deadline. ECF No. 67. In addition, Defendant argues that Plaintiff filed her motion for leave without seeking concurrence from the Defendant. *Id.* Defendant also contends that this is not an eleventh-hour argument because it is based on Plaintiff's handwritten notes – something that Plaintiff should have been aware of. *Id.* Lastly, Defendant responds that Federal Rule of Civil Procedure 37(c)(1) "requires absolute compliance" with Rule 26(a) or (e), which provides the process for experts. *Id.* (citing *Hunt v.*

*Hadden*, 127 F. Supp. 3d 780, 789 (E.D. Mich. 2015)). Since Plaintiff did not comply, Defendant requests the motion be denied.

Federal Rule of Civil Procedure Rule 26(a)(2)(D) states,

> Absent a stipulation or a court order, [expert] disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Here, Plaintiff filed her motion for leave on August 22, 2019 with a scheduled trial date of September 10, 2019. The fact that on August 27, 2019, the trial date was reset to November is irrelevant to the determination that Plaintiff's motion for leave is untimely. Plaintiff's motion for leave will be denied.

## X.

Accordingly, it is **ORDERED** that Plaintiff's Motion in Limine, ECF No. 36, is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion in Limine, ECF No. 38, is **DENIED**. Plaintiff may challenge the contents of the emails if they are presented in court, but the direct quotes from Plaintiff are not hearsay and may be admitted.

It is further **ORDERED** that Defendant's Motion in Limine, ECF No. 40, is **DENIED** because a ruling is premature. Defendant may challenge the introduction of facts through testimony or other evidence at trial.

It is further **ORDERED** that Defendant's Motion in Limine, ECF No. 41, is **DENIED**. Defendant may object to specific testimony or evidence being offered at trial regarding Plaintiff's general performance and her interactions with coworkers as well as conversations a witness may have overheard. Defendant may not challenge the testimony of non-medical personnel on the grounds that it is opinion testimony or that it will be confusing to the jury.

It is further **ORDERED** that Defendant's Motion in Limine, ECF No. 42, is **GRANTED**. Plaintiff may not reference Ms. Alexander or Mr. Sorie's EEOC complaints.

It is further **ORDERED** that Defendant's Motion in Limine, ECF No. 43, is **GRANTED**. Plaintiff may not introduce comments by non-decisionmakers in an effort to impute their perspective of Plaintiff onto the decisionmaker.

It is further **ORDERED** that Defendant's Motion in Limine, ECF No. 44, is **DENIED** as premature at this stage in litigation. Defendant may object to specific proposed testimony or evidence at trial.

It is further **ORDERED** that Defendant's Motion in Limine, ECF No. 45, is **GRANTED**. Plaintiff shall not reference any alleged spoliation of evidence by Defendant.

It is further **ORDERED** that Plaintiff's Motion for Leave to designate Dr. Khetarpal as an expert witness, ECF No. 66, is **DENIED**.

Dated: September 27, 2019    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge